UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND GRESHAM,                      :
                                      :
        Plaintiff,                    :
                                      :
    v.                                : Civil Action No. 07-0752 (JR)
                                      :
DIRK KEMPTHORNE, Secretary, U.S.      :
Department of Interior,               :
                                      :
        Defendant.                    :

### ORDER

Pending before the Court is defendant's motion to dismiss, or in the alternative, for summary judgment. Because plaintiff is proceeding *pro se*, the Court hereby advises plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court.

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." Id. at 509. Subsequently, in Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his

own affidavits or other documentary evidence contradicting the assertion." Id. at 456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).  The Court in Neal also specified that the "text of Rule 56(e) should be part of the notice" issued to the pro se litigant.  Id.  Under Rule 56(e) of the Federal Rules of Civil Procedure:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's response, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, parties such as plaintiffs, who oppose a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient.  Accordingly, it is,

**ORDERED** that plaintiff shall respond to defendant's motion to dismiss, or in the alternative, for summary judgment [Dkt. # 8] on or before December 27, 2007.  If plaintiff fails to file a timely response, the Court may treat defendant's motion as conceded and dismiss the complaint.

```
                              JAMES ROBERTSON
                       United States District Judge
```